UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIFER SUPPORT SERVICES LLC , | CASE NO. 2:23-cv-1260 |
| Plaintiff, | ORDER |
| v. | |
| LYNDON SOUTHERN INSURANCE COMPANY, | |
| Defendant. | |

## 1. INTRODUCTION

This matter comes before the Court on Defendant Lyndon Southern Insurance Company's ("Lyndon") motion seeking leave to amend its answer. Dkt. No. 21. The Court has considered the papers submitted in support of and opposition to the motion, and being otherwise informed, finds oral argument unnecessary. For the reasons stated below, the Court GRANTS the motion for leave to amend.

## 2. BACKGROUND

Plaintiff Fifer Support Services ("Fifer") owns a gas station in Lynwood, Washington. Dkt. No. 2 ¶ 8. The gas station suffered substantial fire damage, including damage to the fuel pumps, when a fire at the business next door spread.

ORDER - 1

*Id.* ¶ 12. Fifer made an insurance claim to Lyndon—Lyndon's claims handling is the subject of this lawsuit, as Fifer sued Lyndon on August 21, 2023, for breach of contract, violation of the Insurance Fair Conduct Act, violation of the Washington Consumer Protection Act, bad faith, and negligence. *See generally* Dkt. No. 2. Lyndon answered Fifer's complaint but did not assert fraud or misrepresentation as affirmative defenses. Dkt. No. 12 at 7-8.

Lyndon served requests for production on Fifer. Dkt. No. 21 at 2. Fifer eventually responded, producing two photos of emails with Dover Corporation, a third party. *Id*. Sometime between March 15 and 29, 2024, Lyndon subpoenaed Dover's holding company, Wayne Fueling Systems ("Wayne"), for all relevant documents involving Fifer. *Id*. Wayne produced responsive documents, including a third email that Fifer had not produced. *Id*. According to Lyndon, this third email "indicate[d] that [Fifer] was requesting … [that Dover's] support team member 'amend' his answers to recommend replacement of the fuel pumps that are the subject of [Fifer's] insurance claim." Dkt. No. 21 at 3.

On April 9, 2024, believing Fifer should have produced it, Lyndon asked Fifer about the third email to see whether it was withheld as privileged. Dkt. Nos. 28 at 4; 21 at 3. At a Rule 26(i) discovery conference a few days later, Fifer indicated that the document was not intentionally withheld and that it would search its records once again for all documents responsive to Lyndon's discovery requests. Dkt. No. 28 at 4. Fifer supplemented its discovery responses on April 17, but it still did not produce the third email. Dkt. No. 21 at 3. Lyndon inquired again about the missing

ORDER - 2

email, but again, Fifer failed to include the third email in yet another supplemental production on April 30. *Id.* at 4; Dkt. No. 28 at 5.

On May 13, Lyndon moved to compel and for leave to amend its answer, the same date as the deadline for amending pleadings. *See* Dkt. Nos. 21, 23; 16 at 1. Fifer's owner and principal, Dr. Stephen Adedotun Adekoya, discovered four more emails, which Fifer produced to Lyndon on May 20. Dkt. No. 28 at 5-6.

Fifer incorrectly asserts that Lyndon's motion is untimely. Dkt. No. 28 at 9. That Lyndon moved to amend by the deadline, even if it was on the last day to file, makes the motion timely. *Green v. Bishop*, No. C10-5206-BHS, 2010 WL 4690884, at *1 (W.D. Wash. 2010) (finding motion for leave to amend filed on the deadline set by the court was timely); *ING Bank, fsb v. Wah*, No. C09-1458-JCC, 2010 WL 11691443, at *1-2 (W.D. Wash. 2010) (same); *Wash. Cities Ins. Auth. v. Ironshore Indem., Inc.*, No. 2:19-CV-00054-RAJ, 2020 WL 6685169, at *2 (W.D. Wash. 2020) (indicating that courts consider the date the motion seeking leave to amend was filed and not the noting date of the motion itself).

### 3.  DISCUSSION

#### 3.1  Legal standard.

Because Lyndon's motion for leave to amend is timely, the Court must decide under Rule 15 whether leave to amend should be permitted. Under Rule 15(a), leave to amend must be given freely as required by justice. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). "This policy is 'to be applied with extreme liberality.'" *Neaman v. Wash. State Dep't of Corr.*, No. C24-5176 BHS, 2024

ORDER - 3

WL 3845710, at *1 (W.D. Wash. 2024) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). Courts consider five factors when determining whether to grant leave to amend under Rule 15: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended [its pleadings]." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Of these factors, "prejudice to the opposing party carries the greatest weight." *Neaman*, No. C24-5176 BHS, 2024 WL 3845710, at *1.

**3.2    Lyndon satisfies the Rule 15 factors for leave to amend.**

Fifer raises only two of the five Rule 15(a) factors, asserting that Lyndon acts in bad faith and that granting it leave to amend would be futile. Because Fifer does not challenge the remaining Rule 15(a) factors—undue delay, prejudice to the opposing party, or previous amendments—the Court assumes that Lyndon's claims about these factors have merit and favor amendment. Thus, the Court focuses only on the challenged factors.

Fifer argues that Lyndon acts in bad faith and that the amendment is futile "because the inadvertently withheld email correspondence on which the Motion to Amend is based[,] does not evidence fraud or misrepresentation." Dkt. No. 28 at 13. To Fifer, "the language of those emails shows only repeated requests for additional details and clarity—not a change in opinion." *Id*. Further, Fifer argues that it did not withhold the emails intentionally, but that they were withheld as the result of a "technical error." *Id*. at 14. Essentially, Fifer argues that Lyndon's claims of misrepresentation and fraud are a losing endeavor. Fifer's arguments, however, miss the mark under Rule 15.

A party acts in bad faith when it acts with intent to deceive, harass, mislead, delay, or disrupt. *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006); *In re Ezzell*, 438 B.R. 108, 117–18 (Bkrtcy. S.D. Tex. 2010)). Bad faith is more than acting in bad judgment or negligence, and "implies the conscious doing of a wrong because of [a] dishonest purpose or moral obliquity. . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003). Absent bad faith, "[a] party should be afforded an opportunity to test [their] claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Mahone v. Pierce Cnty.*, No. C10-5847-RBL-KLS, 2011 WL 2009740, at *2 (W.D. Wash. 2011).

Fifer does not show outright evidence that Lyndon seeks amendment for some impermissible purpose or motive. Instead, Fifer asks the Court to infer that Lyndon is acting in bad faith because, in Fifer's view, Lyndon's claims are so lacking in merit that they can be borne only from ill intent. But on this record, the merits of Lyndon's proposed amendment do not appear to be so in doubt as to be futile or sought in bad faith. Fifer may challenge the sufficiency of Lyndon's claims through a motion to strike, *see* Fed. R. Civ. P. 12(f), or summary judgment, *see* Fed. R. Civ. P. 56, but its challenges to Lyndon's Rule 15 motion are unpersuasive.

Thus, the Court finds that the weight of the five-factor balancing test under Rule 15, tilts in favor of amendment.

ORDER - 5

## 4. CONCLUSION

In sum, the Court GRANTS Lyndon's motion to amend its answer to add affirmative defenses, Dkt. No. 21, as shown in its proposed First Amended Answer and Affirmative Defenses, Dkt. No. 21-2, within seven days of this order.

Dated this 20th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 6